UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------
MAYNARD ARCHER,

                                    Plaintiff,            9:07-CV-0378
         v.                                                (GLS)(DRH)

BRIAN FISCHER, Commissioner of DOCS,

                                  Defendant.
--------------------------------------------------------------------------
APPEARANCES:

MAYNARD ARCHER
Plaintiff, *pro se*
04-R-0545

GARY L. SHARPE, U.S. DISTRICT JUDGE

## ORDER

Presently before the Court is an amended complaint filed by Maynard Archer ("plaintiff"). Dkt. No. 5. The amended complaint was filed pursuant to this Court's Order dated April 20, 2007. Dkt. No. 4.

**A.     Background.**

The April Order advised plaintiff that *Heck v. Humphrey*, 512 U.S. 477 (1994), and cases based thereon, served as a bar to his claims alleging that the Time Allowance Committee (TAC) improperly deprived him of his good time credits, and the result was that plaintiff is being held beyond his conditional release date. Dkt. No. 4. However, in light of plaintiff's *pro se* status, the Court advised plaintiff that he may file an amended complaint if he believed he would be able to state a claim for relief that plaintiff has a legal right to pursue and over which this Court may properly exercise jurisdiction.

**B.    The Amended Complaint.**

A review of the amended complaint reveals that plaintiff sets forth essentially the same claim, but omits his request that he immediately be released and seeks only monetary damages for his continued incarceration.  Dkt. No. 5.  Clearly, plaintiff complaints regarding the fact and duration of his incarceration, not the conditions of his confinement.

**C.    Discussion.**

Despite plaintiff's altered request for relief, his claims remain essentially the same as those set forth in his original complaint.  However, it well settled that plaintiff must challenge his loss of good time credits in a habeas proceeding, not in an action pursuant to 42 U.S.C. §1983.  *Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973).

In the alternative, plaintiff could have challenged his loss of good time through the administrative appeal process, and in an Article 78 proceeding in state court.  In the event he succeeded in such an action, he would then be entitled to come to federal court to seek monetary damages.  *Warburton v. Underwood*, 2 F.2d 306 (W.D.N.Y. 1998).  However, there is no allegation in the amended complaint that plaintiff has brought such challenges.  Accordingly, this complaint must be dismissed for failure to state a claim upon which relief may be granted.

WHEREFORE, it is hereby

ORDERED, that this action is dismissed, without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B) and Rule 5.4(a) of the Local Rules of Practice of this District, and it is further

ORDERED, that the Clerk provide a copy of this Order to the Plaintiff by regular mail.

IT IS SO ORDERED.

May 23, 2007
Albany, New York

_____
United States District Court Judge